## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:18-cr-737 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ANTHONY WEST, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Anthony West ("West") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 47 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 49 (Response).) For the reasons that follow, West's § 2255 motion is DENIED as time-barred.

## I. BACKGROUND

On December 12, 2018, West was charged by indictment with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), and (b)(1)(D) for possession with intent to distribute cocaine base, cocaine, heroin, and marijuana. (Doc. No. 1.) A superseding indictment was filed on January 8, 2019, adding two additional charges: Count Two charged a second violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), and (b)(1)(D); and Count Three charged a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), felon in possession of a firearm and ammunition. (Doc. No. 12.) On August 20, 2019, pursuant to the terms of a plea agreement, West entered a plea of guilty to Counts One and Two of the superseding indictment. (Minutes of Change of Plea, 8/20/2019; Doc. No. 35 (Report and Recommendation on Guilty Plea); Doc. No. 37 (Order

Adopting Report and Recommendation); Doc. No. 38 (Plea Agreement);  Doc. No. 36 (Change of Plea Transcript).) At the sentencing hearing on December 3, 2019, in accordance with the plea agreement, the government dismissed Count Three of the superseding indictment. The Court ultimately sentenced West to an aggregate term of imprisonment of 96 months. (Doc. No. 43 (Judgment); Minutes of Proceedings, 12/03/2019.)

West did not take a direct appeal. Instead, on January 29, 2021, almost 14 months after the Court entered final judgment, West filed the present § 2255 motion. In his motion, West maintains that his trial counsel was ineffective for failing to file a direct appeal, for failing to object at sentencing to the application of a two-point enhancement for maintaining a drug premises, and for failing to seek a variance or downward departure. (Doc. No. 47 at 3–8[1].) The government opposes the motion on the grounds that it is time-barred and that West received effective assistance from his trial counsel.

## II.  EVIDENTIARY HEARING

A court should hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that West's § 2255 motion—filed more than one year after his sentence became final—is time-barred under the governing statute.

### III. WEST'S § 2255 MOTION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act ("ADEPA") "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on December 3, 2019. Because West did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later on December 17, 2019. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); Fed. R. App. P. 4(b)(1). West was required to file his § 2255 motion by December 17, 2020. Instead, he filed the instant motion on January 29, 2021, 43 days after the limitations period had expired. Accordingly, the motion is not timely under § 2255(f)(1).

West does not identify an impediment created by the government, new facts supporting a claim that were subsequently discovered through the exercise of due diligence, or a right recently recognized by the United States Supreme Court to justify the delay in filing the present § 2255 motion. *See* § 2255(f)(2)–(4). Instead, West maintains that the Court should excuse his tardiness because his facility has been on "modified or complete lockdown due to the COVID-19 pandemic. In recent months, weeks and at the time of this writing, [West's] institution is on full lockdown[.]" (Doc. No. 47 at 1.) He further argues that he was "also in transit for some time as well with very little or no access at all to the law library or legal materials." (*Id*. at 1–2.)

The statute of limitations in 28 U.S.C. § 2255(f) is not a jurisdictional bar, and it is subject to equitable tolling under extraordinary circumstances. *Reed v. United States,* 13 F. App'x 311, 312 (6th Cir. 2001). To warrant tolling under traditional equitable principles, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)); *see Jefferson v. United States*, 730

4

F.3d 537, 549 (6th Cir. 2013) (quoting *Holland*, 560 U.S. at 649). The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." *See Amini v. Oberlin College,* 259 F.3d 493, 500 (6th Cir. 2001) (citations omitted). Such motions are evaluated on "a case-by-case basis, with the petitioner having the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)); *see Johnson v. United States*, 457 F. App'x 462, 469 (6th Cir. 2012) (similar).

West has failed to demonstrate that either the COVID-19 pandemic or the unspecified time spent "in transit" entitles him to equitable tolling. Courts have concluded that the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2255 motions. *United States v. Haro*, No. 8:18-cr-66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). These "certain circumstances" involve defendants who had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19. For example, the District of Nevada granted a defendant's COVID-19-based request for equitable tolling because the pandemic had, among other things, halted ongoing investigations and prevented counsel from obtaining necessary court records. *See Dunn v. Baca*, No. 3:19-cv-702, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020). In granting relief, the court wrote that it had "little to no doubt that [the defendant and his counsel were] pursuing [the defendant's] rights diligently." *Id*.; *see, e.g., Fitzgerald v. Shinn*, No. 19-cv-5219, 2020 WL 3414700, at *2 (D. Ariz. June 22, 2020) (Petitioner was entitled to equitable tolling where he demonstrated, through declarations from members of defense team, his efforts to investigate and pursue his rights under § 2255).

5

In other circumstances, courts have rejected requests for equitable tolling premised upon pandemic-related lockdowns and loss of law library access where there was no evidence the prisoner diligently pursued his right to file a § 2255 motion prior to the lockdown.[2] *See Mims v. United States*, No. 4:20-cv-1538, 2021 WL 409954, at *3 (E.D. Mo. Feb. 5, 2021) (a claim of inability to access a law library due to a COVID-19 lockdown was insufficient to warrant application of equitable tolling where the movant failed to establish he was pursuing his rights diligently beforehand); *United States v. Thomas*, No. 18-cr-135, 2020 WL 7229705, at *2–3 (E.D. La. Dec. 8, 2020) (similar); *United States v. Barnes*, No. 18-cr-154, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay.

---

[2] Some courts have even ruled that, while the COVID-19 pandemic may have made it more difficult to litigate from prison, it has not made it impossible to do so. *See United States v. Lara*, No. 6:18-cr-95, 2021 WL 4087613, at *2 (S.D. Tex. Sept. 8, 2021) (collecting cases including *United States v. Caldwell*, No. 2:17-cr-774, 2021 WL 2849997, at *2 (S.D. Tex. June 1, 2020) ("Even if prison law libraries are closed due to the current COVID-19 pandemic, prison mail systems are not. The Bureau of Prison's COVID-19 Modified Operations Plan has not prevent inmates from filing motions and responses in others cases")). Indeed, this court and other federal courts around the country have continued to receive *pro se* prisoner motions and habeas actions throughout the pandemic. Even prisoners at Hazelton FCI, where West is presently housed, have managed to file motions during the time in which West maintains he was unable to do so. *See, e.g., United States v. Hollingshed*, 5:19-cr-259, 2021 WL 409561 (N.D. Ohio Feb. 5, 2021) (Hazelton FCI prisoner's *pro se* motions for compassionate release filed December 28, 2020 on docket at Doc. No. 24); *United States v. Glenn*, 1:17-cr-413, 2021 WL 1578074 (N.D. Ohio Apr. 22, 2021) (Hazelton FCI prisoner's *pro se* motion for compassionate release filed October 5, 2020 at Doc. No. 84). West has failed to demonstrate why he could not file a § 2255 motion and then seek leave to supplement with law and analysis when he had better access to legal materials and research.

COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020.").

"The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." *United States v. Henry*, No. 2:17-cr-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) (emphasis in original) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).

Here, West simply asserts that the pandemic has resulted in a lockdown that has "hindered or prevented [West's] access to the institution's law library and relevant legal materials needed to properly prepare and file an informed 28 U.S.C. § 2255 motion." (Doc. No. 47 at 1.) "Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition[.]" *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017). West's vague and generalized contentions do not begin to demonstrate that the impact of the COVID-19 pandemic interfered with his ability to file a timely § 2255 motion. *See, e.g., Chapman-Sexton v. United States*, No. 2:16-cr-141, 2021 WL 292027, at *3 (S.D. Ohio Jan. 28, 2021) ("The record does not indicate that impact of any extraordinary circumstances imposed by COVID-19 prevented Petitioner from timely filing this federal habeas corpus petition within the one-year period[.]").

Moreover, West had approximately three months to file a timely motion before the

7

pandemic ever began in March 2020. Given that the bases for his motion—that trial counsel failed to: (1) object at trial to the two-point enhancement, (2) seek a variance, and (3) file a direct appeal—were known to West at the time of sentencing or shortly thereafter, West's failure to demonstrate that he diligently pursued his claims (or even took *any* action) before the COVID-19 health crisis took hold is fatal to his timeliness argument. *See Coleman v. United States*, No. 3:15-cr-75-2, 2021 WL 817652, at *4 (M.D. Tenn. Mar. 3, 2021) (denying equitable tolling of habeas petitioner where petitioner was "aware of the alleged inconsistencies in witness testimony before he accepted his guilty plea yet delayed in filing this [§ 2255] motion"); *see, e.g., United States v. Lara*, No. 6:18-cr-95, 2021 WL 4087613, at *3 (S.D. Tex. Sept. 8, 2021) ("Movant has failed to provide any explanation as to why she could not have filed her § 2255 motion during the first four months of her sentence, before the Bureau of Prisons enacted COVID-19 restrictions in March of 2020.") (collecting cases); *Scott v. United States*, No. 4:21-cv-838, 2021 WL 3910766, at *3 (E.D. Mo. Sept. 1, 2021) (where inmate had 4 months before the start of the pandemic to pursue his motion, inmate's failure to allege that "he actually did anything that would arguably amount to diligent pursuit of his rights" during that time-period was fatal to his claim).

West's generalized claim that he was "in transit" during some unknown period of time during the one-year statutory period is also insufficient to warrant equitable tolling. "[L]ack of access to law library resources and transfers between prisons alone are insufficient to warrant equitable tolling." *See Thornton v. United States*, No. 20-1545, 2020 U.S. App. LEXIS 27511, at *4 (6th Cir. Aug. 27, 2020) (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751–52 (6th Cir. 2011) (only LEXIS cite available); *see Jones v. United States*, 689 F.3d 621, 627–28

(6th Cir. 2012) (Generally, a prison transfer alone is insufficient to establish the right to equitable tolling); *United States v. Cherry*, No. 04-cr-90040, 2010 WL 3958679, at *2 (E.D. Mich. Oct. 8, 2010) ("Where a petitioner claims that a transfer interfered with law library access, or access to his personal legal papers while in transit, courts consistently hold that such results of prison transfers are not extraordinary for the purposes of equitable tolling.") (quotation marks and citation omitted).

Even if the Court considers West's generalized complaints about limited access during the lockdown in combination with his equally vague allegations of being "in transit" for a period of time, the Court finds that West has not met his burden. Accordingly, West's § 2255 motion is time-barred.

### IV. CONCLUSION

For the foregoing reasons, West's motion to vacate, set aside, or correct his sentence is DENIED as time-barred. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.


Dated: January 5, 2022                          _____
                                       **HONORABLE SARA LIOI**
                                       **UNITED STATES DISTRICT JUDGE**